# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON M. STEIN,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
DC-0752-16-0729-I-1

DATE: November 3, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason M. Stein, Akron, Ohio, pro se.

Mark R. Higgins, Norfolk, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant asserted, and the agency does not dispute, that he is a preference-eligible veteran. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 3-4, Tab 7 at 4-5. On July 27, 2015, the agency appointed him to the 2-year excepted-service position of GS-5 Electrical Engineer (Recent Graduate). IAF, Tab 7 at 10-12. The agency made this appointment using its Pathways Recent Graduates Program (PRGP) appointment authority. *Id.* at 10-14. Eleven months into the appointment, the agency terminated the appellant for misconduct. *Id.* at 14-17. The appellant filed this appeal of his termination. IAF, Tab 1 at 1, 5.

¶3     The administrative judge issued an order detailing, in pertinent part, the appellant's jurisdictional burden as a preference-eligible excepted-service appointee to show that he met the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B). IAF, Tab 2 at 3-4, Tab 3 at 2. After the parties responded, IAF, Tabs 4, 7, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing, IAF, Tab 8, Initial Decision (ID). Without making a finding as to whether he was a preference eligible, she concluded that the appellant could not meet the

statutory definition of "employee" because he had less than 1 year of Federal service at the time of termination. ID at 2-3. She also found that, as an excepted-service appointee, he did not have a regulatory right to appeal his termination to the Board. ID at 3.

¶4    The appellant has timely petitioned for review by filing a lengthy submission in which he reargues the merits of his termination, including his argument that the agency terminated him for his recommendations regarding how to improve the work environment. Petition for Review (PFR) File, Tab 1; IAF, Tab 1 at 5. According to the appellant, the agency mistakenly viewed these ideas as a "partisan political agenda."[2]  IAF, Tab 1 at 5. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). The statute provides that, to be considered an "employee" for the purposes of Board jurisdiction, a preference-eligible excepted-service appointee must complete 1 year of current continuous service, 5 U.S.C. § 7511(a)(1)(B); *Maibaum*, 116 M.S.P.R. 234, ¶ 9, while a

---

[2] The appellant also asserts that, during the proceedings below, the agency improperly served him by mail, even though he was a registered e-filer. PFR File, Tab 1 at 5; IAF, Tab 1 at 2. However, the agency's pleadings reflect that the agency submitted them electronically, and that the appellant automatically received electronic service as a result. *E.g.*, IAF, Tab 7 at 19; *see also* 5 C.F.R. § 1201.14(p)(1) (generally requiring that agencies and attorneys e-file pleadings in cases being adjudicated at the Board's Washington Regional Office). Further, the appellant admits that he received the agency's pleadings. Therefore, we decline to consider this argument further. PFR File, Tab 1 at 5.

nonpreference-eligible excepted-service trial or probationary appointee generally must complete 2 years of current continuous service under other than a temporary appointment of 2 years or less, 5 U.S.C. § 7511(a)(1)(C); *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). Here, the appellant was terminated 11 months into his 2-year appointment. IAF, Tab 1 at 1, 7-8. Accordingly, the administrative judge correctly found that he is not an "employee" with a statutory right to appeal regardless of whether he was a preference eligible.

¶6      Further, the administrative judge correctly found that the appellant did not have a regulatory right to appeal under 5 C.F.R. § 315.806. ID at 3. Some probationary employees have a limited regulatory right to appeal their terminations, including on the basis of discrimination for partisan political reasons. 5 C.F.R. § 315.806(b). However, this right is not available to employees, like the appellant, who are appointed to the excepted service. IAF, Tab 7 at 10; *see Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 10 (2010) (observing that the regulatory right to appeal under 5 C.F.R. § 315.806 generally applies only to individuals in the competitive service, and that an agency's erroneous notice of appeal rights cannot expand the Board's jurisdiction); 5 C.F.R. § 213.3402(b) (listing the PRGP as an excepted-service appointment authority). Although the agency informed the appellant in his termination notice that he had a regulatory right of appeal, this information was in error because his appointment was to the excepted service. IAF, Tab 7 at 10-15. Therefore, the administrative judge properly declined to consider the appellant's allegations that his termination was based on a "partisan political agenda." IAF, Tab 1 at 5.

¶7      Finally, the appellant has offered multiple documents to support his petition for review. PFR File, Tab 1 at 8-94. Even assuming these documents are new evidence, we decline to consider them because the appellant has not shown that the information they contain was not available below despite his due diligence.

*See* 5 C.F.R. § 1201.115(d) (providing that the Board may grant a petition for review based on new and material evidence that, despite the petitioner's due diligence, was not available when the record closed below). In addition, this evidence, which includes pictures of candles, a job description, a Department of Agriculture bulletin on underground plant design and construction, and articles on psychology, is also not material to the dispositive jurisdictional issue. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     _____/s/ for_____

                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.